# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GALINDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:12-cv-01613-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, AS BARRED BY DOCTRINE OF RES JUDICATA AND ACTION BE REMANDED TO KERN COUNTY SUPERIOR COURT<br><br>(Doc. 1)<br><br>FIFTEEN-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening**

**I.    Procedural History**

Plaintiff Jesus Galindo is a state prisoner proceeding pro se in this civil action. Plaintiff, who is incarcerated at California Correctional Institution in Tehacahpi, filed suit on May 23, 2012, in Kern County Superior Court alleging claims for negligence under California law and violation of his rights under the Eighth Amendment of the United States Constitution. Defendant Matthew Cate removed this action from Kern County Superior Court on October 1, 2012. 28 U.S.C. § 1441(b).

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III. Federal Claims Barred by Res Judicata

For the reasons which follow, the Court finds that Plaintiff's federal claims are barred by the doctrine of res judicata.

#### A. Case Number 1:11-cv-00023-DLB, Galindo v. Cate

On January 6, 2011, Plaintiff filed case number 1:11-cv-00023-DLB, Galindo v. Cate, in the United States District Court for the Eastern District of California.[1] Plaintiff sued Matthew Cate, Warden Gonzales, and prison dentists John Doe 1 and John Doe 2 for violating his rights with respect to his dental care.

Plaintiff alleged that he had excruciating pain in his tooth when he ate and drank. Defendant John Doe 1 identified the source of the problem on April 9, 2010, as a metal filling touching the nerve, but he failed to treat the problem other than telling Plaintiff to keep food on the left side of his mouth. Defendant John Doe 2 extracted the tooth on June 1, 2010, rather than providing Plaintiff with a root canal. Plaintiff also alleged a supervisory liability claim arising out of the policy restricting root canals.

Plaintiff's complaint was dismissed, with leave to amend, for failure to state a claim on June 22, 2011, and Plaintiff filed an amended complaint on August 19, 2011. On December 6, 2011, the action was dismissed, with prejudice, for failure to state a claim under section 1983 and judgment was entered against Plaintiff.

#### B. Case Number 1:12-cv-01613-AWI-SKO, Galindo v. Cate

Plaintiff thereafter filed this action in Kern County Superior Court alleging that Defendants Cate, Gonzales, John Doe 1, and John Doe 2 were negligent, in violation of California Government Code Section 844.6(d), and that they violated the Eighth Amendment of the United States Constitution relating to Plaintiff's dental care.

Plaintiff alleges that on April 9, 2010, John Doe 1 identified the source of Plaintiff's excruciating tooth pain as a metal filling touching the nerve but he failed to provide treatment other

---

[1] The Court may take judicial notice of court records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

2

than telling Plaintiff to keep the food on the left side of Plaintiff's mouth. Plaintiff also alleges that John Doe 2 extracted his tooth on June 1, 2010, rather than performing a root canal. Finally, Plaintiff alleges a supervisory liability claim based on the policy restricting root canals.

**C.     Findings**

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).

In this instance, the federal claims Plaintiff raises in this action were previously litigated and dismissed, with prejudice. Plaintiff's statement of his federal claims in this action is virtually identical to the statement of his federal claims in case number 1:11-cv-00023-DLB, and there is no question that Plaintiff is attempting to re-litigate the same claims against the same parties.[2] Plaintiff may not do so; his federal claims are barred the doctrine of res judicata. Headwaters, Inc., 399 F.3d at 1052.

**IV.    Conclusion and Recommendation**

Plaintiff's Eighth Amendment dental care and supervisory liability claims against Defendants Cate, Gonzales, John Doe 1, and John Doe 2 are barred by the doctrine of res judicata and Defendants are entitled to dismissal of the claims, with prejudice. In the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law tort claims and it recommends the action be remanded to Kern County Superior Court. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's federal claims be dismissed, with prejudice, as barred by the doctrine of res judicata; and

2. This action be remanded to Kern County Superior Court.

---

[2] Doc. 1, court record pp. 17-28, in case number 1:12-cv-01613-AWI-SKO and doc. 9, court record pp. 6-19, in case number 1:11-cv-00023-DLB.

3

1    These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
3 **days** after being served with these Findings and Recommendations, the parties may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  The parties are advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7 1153 (9th Cir. 1991).

9 IT IS SO ORDERED.

10 **Dated:   March 27, 2013**                              /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE